PEOPLE EX REL. RODRÍGUEZ, PETITIONER AND APPELLANT, *v.* GELPÍ, RESPONDENT AND APPELLEE.

APPEAL from the District Court of Ponce in *Quo Warranto* Proceedings.

No. 2878.—Decided June 26, 1923.

QUO WARRANTO—EVIDENCE.—In *quo warranto* proceedings instituted by the relator to recover possession of the office of Commissioner of Public Service, Police, Prisons and Public Works he offered the testimony of the municipal secretary and asked the witness whether certain charges had been preferred against him. *Held:* That there being no showing as to a relation between such charges and the matters at issue, the question was irrelevant, especially as the relator was impeaching the credibility of his own witness.

ID.—ID.—There being no proof that the original notice calling an extraordinary

session or the municipal assembly had been destroyed or lost, that notice can not be established by oral evidence.

ID.—ID.—NONSUIT.—If the relator in *quo warranto* proceedings does not prove his right to the office, it is not error to sustain a motion for nonsuit although the reason alleged by the respondent is not the insufficiency of the evidence.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellant.

*Mr. J. Rosario Gelpí* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The People of Porto Rico, by the Attorney General and at the relation of Felipe Rodríguez Avenáu, filed *quo warranto* proceedings in the inferior court, alleging that the Municipal Assembly of Peñuelas, at a session held on August 27, 1921, consolidated the department of public service, police and prisons with the department of public works of the said municipality and appointed as commissioner of the department so consolidated the relator, Felipe Rodríguez, but that he had been unable to take possession because Juan G. Gelpí, who was holding the office temporarily, had refused to give him possession, claiming that he had a right to the office, for which reasons he prayed the court to adjudge that respondent Gelpí had no right to hold the office and that relator Rodríguez had that right and should be given possession.

The respondent opposed the petition and when relator Rodríguez rested his case the court, at the instance of the respondent, rejected certain evidence offered by the relator and dismissed his petition on the ground of failure to prove his right to the office. From that judgment the relator took the present appeal.

For the purpose of proving that he was appointed on August 27, 1921, by the Municipal Assembly of Peñuelas to the office in dispute the appellant offered at the trial the testimony of several witnesses to show that the said session was held and that he was appointed to the office. One of

these witnesses, the municipal secretary, was asked by the petitioner whether any charges had been preferred against him, to which the respondent objected for the reason that it was a matter dehors the issue, and after the petitioner had stated that he had no intention of using these charges the court ordered that everything connected with charges preferred against the secretary be stricken out. The relator took an exception to this ruling without giving his reasons and now it is alleged as the first ground of appeal that it was an error of the court, for although it is true that this controversy has nothing to do with the charges against the secretary, yet as it was sought to prove the holding of an extraordinary session of the municipal assembly called by a majority of its members, and that the secretary tried to prevent the meeting of the assembly, that question was pertinent because those charges necessarily influenced the minds of the principal witnesses and because it was the duty of the secretary to prepare the minutes of the session and hold custody of the evidence as to the legality of the meeting.

The error does not exist, because in fact it was not a matter to be decided in this proceeding whether there were charges against the secretary, as the appellant himself admitted at the trial by saying that he had no intention of using the charges. On the other hand, not only was the petitioner trying to impeach the credibility of his own witness, but also he failed to show that the said charges were connected with the questions to be discussed in this proceeding.

The second assignment of error is the striking out of the evidence about the call for an extraordinary session of the municipal assembly to be held on August 27, 1921.

Before that date the departments of public service, police and prisons, of public works and of public education of the municipality of Peñuelas were consolidated, the office

of commissioner being held by respondent Juan G. Gelpí. On August 27th the municipal assembly of Peñuelas met in extraordinary session, four of its seven members attending, and by a *viva voce* vote of three of them consolidated the department of public education with that of health and appointed Felipe Rodríguez Avenáu to the office of commissioner of public service, police, prisons and public works to take effect on September 7th. On September 2, 1921, before the petition in this case was filed, the council of administration of the municipality revoked the resolution of the extraordinary session of the municipal assembly of August 27th.

According to the testimony of the municipal secretary, he had no knowledge of the holding of that extraordinary session of the assembly until the 27th, when he was summoned by the president of the assembly to attend the session, and no call for that session appears in his records because no one delivered it to him. The president testified that he and three other members of the municipal assembly signed the call, which was delivered to the secretary by those who summoned him, a copy of it having been given to the other three members of the assembly when they were summoned; but neither the call nor a copy of it having been produced at the trial, the court struck out the testimony relating to the call and found that as the call had not been proved, the petitioner had not shown the legality of his appointment.

It appearing from the evidence of the petitioner that the call for the extraordinary session is not on file in the office of the secretary of the municipality, a call being necessary for holding an extraordinary session of the municipal assembly and the respondent having denied in his answer that such a call was made, the burden was on the relator to prove it, for under such circumstances the rule that as the session was held the presumption is that it was duly called is not applicable.

The appellant maintains that he proved the call by the parole evidence in the absence of the written call, that kind of evidence being admissible when the original has been lost, as provided in subdivision 1 and in the last paragraph of section 24 of the Law of Evidence.

It is true that according to the said section, when the original writing has been lost or destroyed, or is beyond the jurisdiction of the court, in which case proof of such fact must first be made, either a copy of the writing or oral evidence of its contents is admissible, but as the petitioner's evidence about the loss or destruction of the original call was conflicting; for while the president of the assembly testified that the call was delivered to the secretary, the latter denied that it was, and the court having adjusted that conflict by finding that it was not delivered to the secretary, the original call should have been produced in evidence and secondary evidence of its contents was not admissible, because the loss of the documents was not proved; therefore, we are of the opinion that the court did not commit the second error assigned.

The third assignment is that it was error on the part of the court to hold that the relator had not proved his right to the office, a ground different from that alleged in the motion for nonsuit.

This motion presents to the court the proposition that the evidence produced by the plaintiff was not sufficient to support a judgment in his favor, and if such is the case a judgment should be rendered dismissing the petition, although the respondent may not have set up the real reason to justify such a ruling, for in fact a judgment for the relator would not be justified by his evidence.

According to the Municipal Law, the municipal assemblies may hold extraordinary sessions when requested by a majority of the members of the assembly or the council of administration, but as in this case the court struck out

the secondary evidence of the call of the Municipal Assembly of Peñuelas for the 27th of August, the session at which the relator was appointed to the office sued for, it follows that there being no proof that the said extraordinary session was requested as required by statute, the plaintiff has not proved that this appointment was lawful in order that he may be entitled to obtain what he claims.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.